IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE REALTY ASSOCIATES<br>FUND XII PORTFOLIO, L.P.,<br><br>  Plaintiff,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER<br>COMPANY<br><br>  Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. ** |

**DEFENDANT THE GOODYEAR TIRE & RUBBER
COMPANY'S NOTICE OF REMOVAL**

Defendant The Goodyear Tire & Rubber Company ("Goodyear") files this Notice of Removal and respectfully shows the Court the following:

**Overview of the Lawsuit**

1. The parties in this case are Plaintiff The Realty Associates Fund XII Portfolio, L.P. and Defendant Goodyear.

2. Plaintiff filed this lawsuit August 28, 2023, in the 198th District Court of Dallas County, Texas and filed its First Amended Petition on September 5, 2023. *See* Ex. A, State Court Docket Sheet; Ex. B, Plaintiff's Original Petition; Ex. E, Plaintiff's First Amended Petition; Local Court Rule LR 81.1(a)(4)(B)-(C). Plaintiff served Goodyear with its First Amended Petition on September 13, 2023. *See* Ex. H, Affidavit of Service. Goodyear filed its Answer to Plaintiff's Petition in state court on October 4, 2023. *See* Ex. I, Goodyear's Original Answer.

1

3. Goodyear removes the state court action styled *The Realty Associates Fund XII Portfolio, L.P. v. The Goodyear Tire & Rubber Company*, Cause No. DC-23-13391, in the 298th Judicial District Court of Dallas County, Texas.

4. This lawsuit arises out of an alleged breach of lease agreement for a leased property located in Dallas County, Texas. *See* Ex. E, § IV. Plaintiff alleges Goodyear failed to pay various expenses pursuant to the lease agreement upon vacating the leased property and seeks more than $500,000. *Id.* Goodyear asserts that Plaintiff's claims are barred by the express terms of the parties' lease. Ex. I, at 1-2. Alternatively, Goodyear alleges that Plaintiff's claims are barred by an ambiguity in the express terms of the parties' lease. *Id.*

## Grounds for Removal

5. Goodyear removes this action pursuant to 28 U.S.C. § 1441(a).

6. Plaintiff alleges it is a limited partnership organized and existing under the laws of the State of Delaware and doing business in Dallas County, Texas. For removal purposes, Plaintiff is a citizen of Delaware and Texas. Ex. E, § II. Defendant Goodyear is an Ohio corporation with its principal place of business in Akron, Ohio, and is therefore, a citizen of Ohio. *See* 28 U.S.C. § 1332(c)(1); Ex. J, Goodyear Affidavit. Complete diversity of citizenship has existed from the time Plaintiff filed the underlying state court action on August 28, 2023, until now.

7. This Court has jurisdiction based on 28 U.S.C. § 1332(a)(1) because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

## Procedural Requirements of Removal

### A. Timeliness

8. Goodyear was served with Plaintiff's First Amended Petition on September 13, 2023. *See* Ex. H. It was not served with Plaintiff's Original Petition. Accordingly, this Notice of Removal is timely filed because thirty days have not elapsed since Plaintiff served Goodyear with the First Amended Petition. *See* 28 U.S.C. § 1446(b)(1).

### B. Venue

9. Plaintiff brought this action in the 298th District Court of Dallas County, Texas, which is located within the Northern District of Texas, Dallas Division. 28 U.S.C. § 124(a)(1). Venue is proper in this Court because it is the "district and division embracing the place where such [removed] action is pending." 28 U.S.C. § 1441(a).

## C. Amount in Controversy

10. The amount in controversy is greater than $75,000; Plaintiff's First Amended Petition seeks monetary relief over at least $515,527.92 for alleged damages under the lease agreement. *See* 28 U.S.C. § 1446(c)(2); Ex. E, § IV, ¶ 14.

## D. Compliance with Notice and Filing Requirements

11. Pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings, and orders" served upon Goodyear are attached to this notice. The only documents formally served upon Goodyear were Plaintiff's First Amended Petition and citation. *See* Ex. H. For the sake of clarity and to support its arguments, Goodyear also attaches the state court docket sheet along with Goodyear's Answer, civil cover sheet, and supplemental civil cover sheet pursuant to Local Rule LR 81.1(a), and other documents:

| **Exhibit A** | State Court Docket Sheet |
|---|---|
| **Exhibit B** | Plaintiff's Original Petition |
| **Exhibit C** | State Civil Case Information Sheet |
| **Exhibit D** | 9/5/23 Citation |
| **Exhibit E** | Plaintiff's First Amended Petition |
| **Exhibit F** | 9/11/23 Citation |
| **Exhibit G** | 9/13/23 Citation |
| **Exhibit H** | Affidavit of Service |
| **Exhibit I** | Goodyear's Original Answer |
| **Exhibit J** | Goodyear Affidavit |
| **Exhibit K** | Civil Cover Sheet |
| **Exhibit L** | Supplemental Civil Cover Sheet |
| **Exhibit M** | Index of Filings |
| **Exhibit N** | Certificate of Interested Parties |

12.   Pursuant to 28 U.S.C. § 1446(d), Goodyear will promptly give written notice of the filing of this Notice to all parties through their attorneys of record and will also promptly file a copy of this Notice of Removal with the District Clerk for Dallas County, Texas.

13.   A Civil Cover Sheet (Form JS 44) and Supplemental Cover Sheet is attached to this pleading pursuant to Local Court Rule LR 81.1.  *See* Ex. K, Civil Cover Sheet; Ex. L, Supplemental Cover Sheet; *see* Local Court Rule LR 81.1(a)(1)-(2).

14.   Goodyear is not aware of a "related case" as defined by Local Rule LR 3.3(b)(3) or (b)(4).  *See* Local Rule LR 81.1(a)(3).

15.   Goodyear attaches an index of all documents filed in state court as Exhibit M.  *See* Local Rule LR 81.1(a)(4)(A).  As stated in Paragraph 4, pursuant to Local Rule 81.1(a)(4), Goodyear attaches as exhibits to this Notice copies of all docket sheets in the state court action, process, pleadings, and orders served upon it in state court as required by 28 U.S.C. § 1446(a).  *See* Local Rule LR 81.1(a)(4)(B)-(C); Ex. A, B, C, D, E, F, G, H, I.

16.   Pursuant to Local Rule 81.1(a)(4)(D), Goodyear attaches a separately signed certificate of interested persons that complies with Local Rule LR 3.1(c) and Federal Rules of Civil Procedure 7.1.  *See* Ex. N.

### E. Filing Fee

17. Goodyear will tender the appropriate filing fee to the Clerk of the United States District Court for the Northern District of Texas, Dallas Division.

### F. Consent to Removal

18. The consent requirement only applies to "properly joined and served defendants." 28 U.S.C. § 1446(b)(2)(A). Because Goodyear is the only named and served defendant in this case, no other consent for removal is required.

### Conclusion

19. All conditions and procedures for removal have been satisfied. Based on the foregoing, Goodyear removes this case to this Court.

Respectfully submitted,

By: */s/ Thad K. Jenks*
Thad K. Jenks
State Bar No. 24007441
thad.jenks@wtllaw.com
Attorney-In-Charge
WEINSTEIN TIPPETTS & LITTLE LLP
7500 San Felipe, Suite 500
Houston, TX  77063
Telephone:  (713) 244-0800
Facsimile:  (713) 244-0801
thad.jenks@wtllaw.com

**ATTORNEY FOR DEFENDANT THE GOODYEAR TIRE & RUBBER COMPANY**

## **CERTIFICATE OF SERVICE**

This instrument was served on the following counsel in compliance with Rule 5 of the Federal Rules of Civil Procedure via Certified Mail, Return Receipt Requested, on October 12, 2023:

*Counsel for Plaintiff:*
David A. Klingler
Kaitlyn Fletcher
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Ph: (214) 969-4900
Fx: (214) 969-4999
klingler@sbep-law.com
fletcher@sbep-law.com

                                             */s/ Thad K. Jenks*
                                             Thad K. Jenks